FILED: NEW YORK COUNTY CLERK 08/31/2023 06:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 158686/2023
RECEIVED NYSCEF: 08/31/2023

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

---

SHLOMO BRAUN,

<em>Plaintiff,</em>

v.

THE CHARTWELL LAW OFFICES, LLP,

<em>Defendant.</em>

---

## SUMMONS & COMPLAINT

Plaintiff designates New York County
as the venue for trial, based on location
of Defendant

To the Above-Named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the notice of this action and to serve a

copy of your answer or notice of appearance and demand for a complaint, on Levi Huebner &

Associates PC the *Attorneys for Plaintiff* within twenty (20) days after the service of this summons,

exclusive of the day of service, where service is made by delivery upon you personally within the

state, or within thirty (30) days after completion of service where service is made in any other

manner. In case of your failure to appear or answer, judgment will be taken against you by default

for the relief demanded in the summons and notice attached herein.

Dated: Brooklyn, NY
      August 31, 2023

Levi Huebner & Associates, PC

/s/   Levi Huebner
_____
Levi Huebner, Esq.

488 Empire Blvd Suite 100
Brooklyn, NY 11225
Tel: (212) 354-5555

*Attorneys for Plaintiff*
*Shlomo Braun*

To:    The Chartwell Law Offices, LLP
       One Battery Park Plaza, Suite 701
       New York, NY 10004-1445

*The Defendant*

Case 1:23-cv-07241-OEM-TAM Document 1-1 Filed 09/28/23 Page 2 of 22 PageID #: 6

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

SHLOMO BRAUN,

                              *Plaintiff,*                      Index:

           v.

THE CHARTWELL LAW OFFICES, LLP,                    **VERIFIED COMPLAINT**

                              *Defendant.*

Plaintiffs Shlomo Braun, by his counsel Levi Huebner & Associates PC, pleads his case for a money judgment against Defendant, The Chartwell Law Offices, LLP, and states as follows:

## JURISDICTIONAL ALLEGATIONS

1.      At all times material to this lawsuit, Plaintiff, Shlomo Braun (referred to as "Plaintiff") is domiciled in Brooklyn, New York, County of Kings.

2.      At all times material to this lawsuit, Defendant, The Chartwell Law Offices, LLP ("Defendant") were addressed at One Battery Park Plaza, Suite 701, New York, NY 10004-1445.

3.      All acts giving rise to this action occurred and accrued in the Supreme Court of New York, County of Kings.

4.      Plaintiff is a consumer within the meaning of 15 USCA § 1692a[3] in that the Defendant claims that Plaintiff is being hassled to pay a false debt created by its client PS Funding Inc.

5.      Defendant is a debt collector within the meaning of 15 USCA § 1692a(6) in that they regularly collect debt on behalf of third parties, including by collecting debt on promissory notes.

Case 1:23-cv-07241-OEM-TAM   Document 1-1   Filed 09/28/23   Page 3 of 22 PageID #: 7

6.     This Court has jurisdiction.

## NATURE OF ACTION

7.     Plaintiff had title to two adjacent properties going back to the 1970s.  These properties are addressed as 1567 56th Street and 1569 56th Street, in Brooklyn, NY.

8.     These two properties right next to each other are the primary residence of Plaintiff and several of his immediate family members going back to the 1970s.

9.     Plaintiff is the sole member of Plaintiff 1567 56th Street LLC (the "67 LLC").

10.    Plaintiff is the sole member of Plaintiff 1569 56th Street LLC (the "69 LLC").

11.    At all relevant times, Plaintiff a septuagenarian, was above the age of 70.

12.    The debt in this action involve mortgages on properties that are the Plaintiff's primary and family homes, to come within the meaning of 15 USCA § 1692a[5].

## First Cause of Action
### Improper Collection Against Plaintiff for the 69 Property

13.    Plaintiff repeats all of the aforementioned allegations stated in paragraphs 1 through 12 and pleads to remedy the damages caused by Defendant in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*.

14.    On February 2, 2014, Plaintiff placed with the 69 LLC 100% of title ownership of the property with the address known as 1569 56th Street ("69 Property") located in Brooklyn, New York, County of Kings, which is registered with the City Register as CRFN 2014000057977.

15.    The 69 Property is known at the City Register as Block 5488 and Lot number 49.

Case 1:23-cv-07241-OEM-TAM   Document 1-1   Filed 09/28/23   Page 4 of 22 PageID #: 8

16.     On June 15, 2016, the 69 LLC placed in the 67 LLC, 60% of the titled ownership of the 69 Property located in Brooklyn, New York, County of Kings, which is registered with the City Register as CRFN 2016000221114.   Consequently, 69 LLC retained 40% of the titled ownership to the 69 Property.

17.     At all relevant times, 67 LLC together with the 69 LLC had clear title to the 69 Property with no encumbrances.

18.     On August 20, 2019, Arthur Spitzer ("Spitzer") formed Defendant 1567 56 NY LLC, a sham entity in which he is listed as the sole member of (the "Sham LLC").

19.     Spitzer created the Sham LLC without knowledge of the Plaintiff.

20.     At some point in 2019, Arthur Spitzer ("Spitzer"), with the assistance of others, forged the signature of Plaintiff to transfer the title of 69 Property to the Sham LLC ("69 Forgery").

21.     The 69 Forgery of title of the 69 Property is dated August 20, 2019, and is registered in the City Register as CRFN 2019000306603.

22.     Prior to the 69 Forgery being registered with the City Register, PS Funding Inc. ("PS Funding") funded a promissory note by Spitzer, dated August 26, 2019, encumbering the 69 Property with a mortgage for $1,200,000 that was later registered with the City Register as CRFN 2019000306604.

23.     Dated August 26, 2019, PS Funding received an assignment of the mortgage upon the 69 Property that was later recorded with the City Register as CRFN 2019000306605.

24.     On September 23, 2019, the deed of the 69 Forgery and a mortgage together with an assignment of that mortgage were recorded simultaneously with the City Register as CRFN 2019000306603, 2019000306604 and 2019000306605.

Case 1:23-cv-07241-OEM-TAM Document 1-1 Filed 09/28/23 Page 5 of 22 PageID #: 9

25.     Neither Plaintiff, nor the 67 LLC nor the 69 LLC received any consideration for the 69 Forgery of title of the 69 Property to the Sham LLC.

26.     Neither Plaintiff, nor the 67 LLC nor the 69 LLC gifted the 69 Property to either Spitzer or the Sham LLC.

27.     At all relevant times, there was no contract of sale for the 69 Property by either 69 LLC, 67 LLC or Plaintiff.

28.     At all relevant times, there was no closing on the 69 Property where either Plaintiff, 67 LLC or 69 LLC were participants prior to PS Funding encumbering the 69 Property registered with the City Register as CRFN 2019000306603, 2019000306604 and 2019000306605.

29.     Per the mortgage filed with the City Register, the maturity date appeared to be September 1, 2020.

30.     On November 5, 2020, after the Plaintiff discovered the 69 Forgery and after the mortgage became matured, Plaintiff registered title to himself for the 69 Property, which is registered under 2020111601513001, in effort to prevent Spitzer from refinancing the mortgage on the 69 Property.

31.     On February 9, 2021, Hugh Humphreys, the director of Asset Management for PS Funding, wrote an email (from hhumphreys@peerstreet.com) to Arthur Spitzer stating that:

> Good Afternoon.  Looks like Braun Shlomo is owner of 1567 and 1569 56th. Who knew!
>
> I'm going through the motions, but:
>
> Please let me know the nature of these transfers.  I'm sure you know that is a default under the loan documents.

Case 1:23-cv-07241-OEM-TAM Document 1-1 Filed 09/28/23 Page 6 of 22 PageID #: 10

32.     On February 15, 2021, Defendant initiated an action on behalf of PS Funding to foreclose upon the 69 Property by suing the Sham LLC, Spitzer, New York City – Department Of Finance, and Jane/John Doe Nos. 1-12, in the Supreme Court of Kings County under 503623/2021. ("69 Foreclosure").

33.     At all relevant times, the 69 Foreclosure did not name Plaintiff or 67 LLC or 69 LLC as a party.

34.     Defendant falsely pleaded in the complaint of the 67 Foreclosure that:

> "**Defendant, 1567 56 NY LLC** is a limited liability company, organized and existing under the laws of the State of New York, with a place of business or addresses for purposes of service of notices and papers located at 54 Stevens Ave., Jersey City, NJ 07305 and in care of its Managing Member, **Arthur Spitzer**, 123 Ave I, Brooklyn, NY 11230 ("Borrower"). It is joined in its capacity as the grantor of the mortgage and **owner of the mortgaged premises in question.**"

(Emphasis added to highlight the deceitful allegation)

35.     The 69 Foreclosure was not served on Plaintiff or 67 LLC or 69 LLC.

36.     At all relevant times, Defendant on behalf of PS did not name Plaintiff or 67 LLC or the 69 LLC in the 69 Foreclosure, as required under RPAPL § 1311[1], in furtherance of a sophisticated scam to execute a judgment of foreclosure against the 69 Property without Plaintiff or 67 LLC or the 69 LLC having any due process to challenge such illegitimate foreclosure.

37.     In particular, at all relevant times, prior to bringing the 69 Foreclosure, Defendant was fully aware that neither Spitzer nor the Sham LLC ever had possession of or sought possession of any apartment in the 69 Property.  Defendant was fully aware that neither Spitzer nor the Sham LLC ever collected rent on the 69 Property, and that they never paid the property insurance for the 69 Property.

Case 1:23-cv-07241-OEM-TAM   Document 1-1   Filed 09/28/23   Page 7 of 22 PageID #: 11
INDEX NO. 158686/2023
RECEIVED NYSCEF: 08/31/2023

38.     On June 10, 2022, the Defendant obtained a Referee Report and Computation in the 69 Foreclosure to foreclose on the 69 Property.

39.     On August 17, 2022, Plaintiff, and the 67 LLC and the 69 LLC filed a federal action against Spitzer, the Sham LLC and PS Funding contesting the 69 Forgery, in a case with the caption entitled: *1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun v. Arthur Spitzer, Josh Weinfeld, Isidore Bleier, BSD Realty Holdings Inc., 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz,* EDNY 1:22-cv-04873 (the "Federal Action").

40.     The Federal Action seeks declaratory judgment to revert title of the 69 Property to the 67 LLC and 69 LLC to remedy a forgery of Plaintiff's signatures, wherein Plaintiff contested the 69 Forgery and seeks to declare its mortgage as invalid.

41.     Under the FDCPA the complaint in the federal action, when served on PS Funding, constituted a formal notice that the debt on the 69 Property is disputed.

42.     As such, Defendant has been aware of Plaintiff's dispute contesting the legal status of the mortgages encumbering the 69 Property.

43.     On September 23, 2022, Defendant filed a motion in the 69 Foreclosure to amend the Referee Report and Computation falsely claiming Plaintiff is obligated to redeem the 69 Foreclosure. In particular, the Defendant alleged in an affirmation ("69 Affirmation"), that Plaintiff's protesting the 69 Forgery and registering the title of the 69 Property to himself made Plaintiff's rights "subordinate" to the 69 Forgery.

44.     The 69 Affirmation was a collection activity undertaken by Defendant against Plaintiff.

Case 1:23-cv-07241-OEM-TAM Document 1-1 Filed 09/28/23 Page 8 of 22 PageID #: 12

45. In a supplemental complaint attached to the 69 Affirmation, Defendant falsely asserted that "Shlomo Braun took ownership and possession of the property subsequent to and subject to the mortgage that is the subject of this action." This allegation was utterly false since Plaintiff has been in possession of the 69 Property going back to the 1970s and had never relinquished possession to anyone.

46. **First violation:** in violation of 15 USC 1692g(a), the Defendant failed to afford Plaintiff the initial communication notice stating the amount of the debt, the name of the creditor to whom the debt on the 69 Property is owed, a statement seeking to validate the debt within thirty days, a statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt is disputed, the defendant will obtain verification that Plaintiff owes the debt, and a statement that the Plaintiff has the right to request the name and address of the original creditor.

47. **Second violation:** Defendant violated 15 USCA § 1692g[b] in deliberately omitting the validation notice required pursuant to 15 USCA § 1692g[a], that is because it would afford Plaintiff the right to dispute the validity of the debt, whereas such dispute by Plaintiff would require the Defendant to cease collection of the debt until the controversy of the 69 Forgery is decided in the federal action. Defendant deliberately deprived Plaintiff of the right to dispute the debt.

48. In the alternative or in the furtherance of the First Violation, once Defendant knew that Plaintiff had disputed the alleged debt on the 69 Property by virtue of being in possession of the complaint in the Federal Action, Defendant violated 12 USC 1692g(b) by continuing the collection of a disputed debt after the consumer has notified the debt collector in writing that the debt is disputed.

Case 1:23-cv-07241-OEM-TAM   Document 1-1   Filed 09/28/23   Page 9 of 22 PageID #: 13

49. **Third violation:** the communication presented by the Defendant in the 69 Affirmation was materially false, thus violating 15 USC § 1692e(a)(2) in misrepresenting the legal status of the debt, because at all relevant times, the law has been established, "A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid." *Cruz v Cruz*, 37 AD3d 754, 754 [2d Dept 2007]. That is because a forgery of title did not extinguish the ownership of the true owner, the 67 LLC and 69 LLC, nor did the true owner become subordinate to the interest of a mortgage rooted in a forgery of title, since the mortgage based on a forgery is invalid. In a like situation as Plaintiff, a least sophisticated consumer reading the 69 Affirmation, which constitute a communication by an attorney debt collector, would be misled to believe that the consumer's rights in real property becomes "subordinate" to a forgery committed by a perpetrator fraudulently transferring title from a true owner to a fraudulent recipient. Defendant's action was a false communication to mislead the consumer into thinking that the consumer is now obligated to pay a debt that was never incurred as a debt on the property.

50. **Fourth violation:** at all relevant times, the via the 69 Affirmation the Defendant attempts to collect a debt from Plaintiff that is in fact not due at all, especially prior to a court of competent jurisdiction resolving whether the 69 Forgery is either void ab initio or valid. Defendant violated 15 USCA § 1692e[4] with the false representation or implication that nonpayment of the mortgage on the 69 Forgery will result in the foreclosure of the 69 Property, when such action is not lawful in the face of the law that a mortgage arising from a forgery is invalid.

51. **Fifth violation:** Defendant violated 15 USCA § 1692e[2][A] in the false representation or implication of the legal status of the mortgages on the 69 Forgery are enforceable despite the law that a mortgage arising from a forgery is invalid. Given that Plaintiff having duly

FILED: NEW YORK COUNTY CLERK 08/31/2023 06:02 PM
INDEX NO. 158686/2023
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 08/31/2023

commenced a federal action to declare the 69 Forgery are void ab initio together with its invalid mortgage, Defendant having actual notice of the federal action, Defendant is attempting to collect a debt that is neither due nor determined as due in spite of Plaintiff's dispute to the alleged debt.

52.  **Sixth violation:** Defendant violated 15 USC 1692e[12] in falsely representing that PS Funding was assigned the promissory note on the 69 Forgery as an innocent purchaser for value. The false implication that the mortgage on the 69 Forgery arises from Spitzer and the Sham LLC as the true "owner" of the 69 Property, was an act to falsely represent that Spitzer and the Sham LLC are somehow true owner of the 69 Property as innocent purchasers for value, in order to create a false color of a legitimate collection against Plaintiff, when in fact the Defendant knew or should have known that Plaintiff was unduly subjected to a conversion of title and the 67 LLC never relinquished title. The knowledge is imputed that Defendant was fully aware of the fact that prior to encumbering the 69 Property, the 67 LLC and 69 LLC did not convey title of the 69 Property to either Spitzer or the Sham LLC, and PS Funding was not an innocent purchaser for value on the mortgage. Given that the 69 Forgery was not recorded with the City Register prior to encumbering the 69 Property, Defendant knew or should have known that neither Spitzer nor the Sham LLC is the true "owner" of the 69 Property.

53.  **Seventh Violation:** Defendant violated 15 USCA § 1692e[5] by threatening to take the action of subjecting Plaintiff to the 69 Foreclosure, which cannot legally be taken. Defendant cannot legally take any action against Plaintiff, despite Plaintiff having registered title from the Sham LLC to himself, because title arising from a forgery is void ab initio, and consequently the 67 LLC never lost its title to the 69 Property in face of the forgery. As such, Plaintiff transferring title from the Sham LLC to himself is a nullity as the 67 LLC never lost its title to the 69 Property in face of the forgery. Likewise, the 69 LLC never lost its title to the 69 Property, as there is no

evidence with the City Register that the 69 LLC ever conveyed title of the 69 Property to the Sham

LLC.  As such, by Defendant subjecting Plaintiff to the threat that the 69 Foreclosure will

extinguish title from the 67 LLC and 69 LLC, Defendant threatened Plaintiff with an act which

cannot legally be taken.

54.     As a direct of the foregoing acts committed by Defendant, Plaintiff suffered

damages.

55.     Plaintiff has no other adequate remedy at law available to redress and remedy this

controversy for relief.

## Second Cause of Action
### Improper Collection Against Plaintiff for the 67 Property

56.     Plaintiff repeats all of the aforementioned allegations stated in paragraphs 1 through

55 and pleads to remedy the damages caused by Defendant in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. 1692 et seq.

57.     On February 2, 2014, Plaintiff placed with the 67 LLC 100% of title of the property

addressed as 1567 56th Street ("67 Property") located in Brooklyn, New York, County of Kings,

which is registered with the City Register as CRFN 2014000313033.

58.     The 67 Property is known at the City Register under Block 5488 and Lot 50.

59.     At all relevant times, the 67 LLC owned a clear title to the 67 Property.

60.     At all relevant times, there were no encumbrances on the 67 Property.

61.     At some point in 2019, Spitzer, with the assistance of others, forged the signature

of Plaintiff transferring the title of the 67 Property to the Sham LLC ("67 Forgery").

Case 1:23-cv-07241-OEM-TAM Document 1-1 Filed 09/28/23 Page 12 of 22 PageID #: 16

62. The 67 Forgery of title to the 67 Property is dated August 20, 2019, and registered in the City Register as CRFN 2019000306591.

63. Prior to the 67 Forgery being registered with the City Register, PS Funding funded an instrument, dated August 27, 2019, encumbering the 67 Property with a mortgage for $1,200,000 that was later registered with the City Register as CRFN 2019000306592.

64. Dated August 26, 2019, PS Funding received an assignment of the mortgage upon the 69 Property that was later recorded with the City Register as CRFN 2019000306593.

65. On September 23, 2019, the deed of the 67 Forgery and mortgage together with an assignment of that mortgage were recorded simultaneously with the City Register as CRFN 2019000306591, 2019000306592 and 2019000306593.

66. Neither Plaintiff nor the 67 LLC received any consideration for the transfer of title of the 67 Property to the Sham LLC.

67. Neither Plaintiff nor the 67 LLC gifted the 67 Property to either Spitzer or the Sham LLC.

68. At all relevant times, there was no contract of sale for the 69 Property by either the 67 LLC or Plaintiff.

69. At all relevant times, there was no closing on the 67 Property where either Plaintiff or the 67 LLC were participants prior to PS encumbering the 67 Property that were later registered with the City Register as CRFN 2019000306591 (67 Forgery), 2019000306592 (mortgage) and 2019000306593 (assignment of mortgage).

70. Per the mortgage filed with the City Register, the maturity date for the mortgage on the 67 Property appeared to be September 1, 2020.

Case 1:23-cv-07241-OEM-TAM Document 1-1 Filed 09/28/23 Page 13 of 22 PageID #: 17

71.     On November 5, 2020, after the Plaintiff discovered the 67 Forgery and after the mortgage matured, Plaintiff recorded title to himself for the 67 Property, which is registered under 2020111601344001, in effort to prevent Spitzer from refinancing the mortgage on the 67 Property.

72.     On February 9, 2021, Hugh Humphreys, the director of Asset Management for PS Funding Inc., wrote an email (from hhumphreys@peerstreet.com) to Spitzer stating that:

> Good Afternoon.  Looks like a Braun Shlomo is owner of 1567 and 1569 56th. Who knew!
>
> I'm going through the motions, but:
>
> Please let me know the nature of these transfers.  I'm sure you know that is a default under the loan documents.

73.     On February 18, 2021, the Defendant initiated an action on behalf of PS to foreclose upon the 67 Property by suing the Sham LLC, Spitzer, New York City – Department Of Finance, and Jane/John Doe Nos. 1-12, in the Supreme Court of Kings County under 503948/2021. ("67 Foreclosure").

74.     At all relevant times, the 67 Foreclosure did not name Plaintiff or 67 LLC as a party to the 67 Foreclosure.

75.     Defendant falsely pleaded in the complaint of the 67 Foreclosure that:

> "**Defendant, 1567 56 NY LLC** is a limited liability company, organized and existing under the laws of the State of New York, with a place of business or addresses for purposes of service of notices and papers located at 54 Stevens Ave., Jersey City, NJ 07305 and in care of its Managing Member, **Arthur Spitzer**, 123 Ave I, Brooklyn, NY 11230 ("Borrower"). It is joined in its capacity as the grantor of the mortgage and **own er of the mortgaged premises in question**."

> (Emphasis added to highlight the deceitful allegation)

76.     At all relevant times, the 67 Foreclosure was not served on Plaintiff or the 67 LLC.

77.     At all relevant times, Defendant on behalf of PS Funding did not name Plaintiff or 67 LLC or the 67 LLC in the 67 Foreclosure, as required under RPAPL § 1311[1], in furtherance of a sophisticated scam to execute a judgment of foreclosure against the 67 Property without Plaintiff or 67 LLC having any due process to challenge such illegitimate foreclosure.

78.     In particular, at all relevant times, prior to bringing the 67 Foreclosure, Defendant were fully aware that neither Spitzer nor the Sham LLC ever had possession or sought possession of any apartment in the 67 Property.  Defendant was fully aware that neither Spitzer nor the Sham LLC ever collected rent on the 67 Property, or ever paid the property insurance for the 67 Property.

79.     On July 25, 2022, the Defendant obtained a judgment in the 67 Foreclosure, based upon a referee report, to foreclose on the 67 Property.

80.     On August 17, 2022, Plaintiff filed a federal action against Spitzer, the Sham LLC and PS Funding contesting the 67 Forgery, in a case captioned as *1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun v. Arthur Spitzer, Josh Weinfeld, Isidore Bleier, BSD Realty Holdings Inc., 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz*, EDNY 1:22-cv-04873 ("federal action").

81.     The federal action seeks declaratory judgment to revert title of the 67 Property to the 67 LLC to remedy a forgery of Plaintiff's signatures, wherein Plaintiff contested the 67 Forgery with its mortgage.

82.     Under the FDCPA the complaint in the federal action, when served on PS Funding, constituted a formal notice that the debt arising from the 67 Forgery is disputed.

83.     As such, Defendant has been aware of Plaintiff's bona fide legal claim to ownership of the property, and as a consequence Defendant's alleged mortgage is a nullity.

Case 1:23-cv-07241-OEM-TAM   Document 1-1   Filed 09/28/23   Page 15 of 22 PageID #: 19

84.     On September 22, 2022, Defendant filed a motion in the 67 Foreclosure to amend

the judgment claiming Plaintiff is obligated to redeem the 67 Foreclosure. In particular, the

Defendant alleged in an affirmation ("67 Affirmation"), that Plaintiff's protesting the 67 Forgery

and registering the title of the 67 Property to himself made Plaintiff's rights "subordinate" to the

forgery committed by Spitzer transferring title from the 67 LLC to the Sham LLC.

85.     The 67 Affirmation was a collection activity undertaken by Defendant against

Plaintiff.

86.     In a supplemental complaint attached to the 67 Affirmation, Defendant falsely

asserted that "Shlomo Braun took ownership and possession of the property by virtue of a deed

dated November 4, 2020 and recorded in the City Register of the City of New York on November

23, 2020 under CRFN: 2020000329681. Mr. Braun's interest in the subject property is subordinate

to and subject to the mortgage that is the subject of this foreclosure action." This allegation was

utterly false since Plaintiff has had possession of the 67 Property going back to the 1970s and had

never relinquished possession to anyone.

87.     **First violation:** in violation of 15 USC 1692g(a), the Defendant failed to afford

Plaintiff the initial communication notice stating the amount of the debt, the name of the creditor

to whom the debt on the 67 Property is owed, a statement seeking to validate the debt within thirty

days, a statement that if Plaintiff notifies the debt collector in writing within the thirty-day period

that the debt is disputed, the defendant will obtain verification that Plaintiff owes the debt, and a

statement that the Plaintiff has the right to request the name and address of the original creditor.

88.     **Second violation:** Defendant violated 15 USCA § 1692g[b] in deliberately

omitting the validation notice required pursuant to 15 USCA § 1692g[a], because such notice

would afford Plaintiff the right to dispute the validity of the debt, whereas such dispute by Plaintiff

Case 1:23-cv-07241-OEM-TAM   Document 1-1   Filed 09/28/23   Page 16 of 22 PageID #: 20

would require the Defendant to cease collection of the debt until the controversy of the 67 Forgery is decided in the federal action. Defendant deliberately failed to provide Plaintiff the notice of the right to dispute the debt to deprive Plaintiff of such right.

89.     In the alternative or in the furtherance of the First and Second Violation: once Defendant knew that Plaintiff had disputed the alleged debt on the 67 Property by virtue of being in possession of the complaint in the federal action, Defendant violated 12 USC 1692g(b) by continuing the collection of a disputed debt after the consumer has notified the debt collector in writing that the debt is disputed.

90.     **Third violation:** the communication presented by Defendant in the 67 Affirmation was materially false, thus violating 15 USC § 1692e(a)(2) in misrepresenting the legal status of the debt, because at all relevant times, the law has been established, "A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid." *Cruz v Cruz*, 37 AD3d 754, 754 [2d Dept 2007]. That is because a forgery of title did not extinguish the ownership of the true owner, the 67 LLC, nor does the true owner become subordinate to a mortgage rooted in a forgery of title, since a mortgage based on forgery is invalid. In a like situation as Plaintiff, a least sophisticated consumer reading the 67 Affirmation, which constitute a communication by an attorney debt collector, would be misled to believe that the consumer's rights in real property becomes "subordinate" to a forgery committed by a perpetrator fraudulently transferring title from a true owner to a fraudulent recipient despite that a forgery of title conveys nothing. Defendant's action was a false communication to mislead the consumer into thinking that the consumer is now obligated to pay a debt that was never incurred as a debt on the property.

91.    **Fourth violation:** at all relevant times, the Plaintiff via the 67 Affirmation attempts to collect a debt from Plaintiff that is in fact not due at all, especially prior to a court of competent jurisdiction resolving whether the 67 Forgery is either void ab initio or valid. Defendant violated 15 USCA § 1692e[4] with the false representation or implication that nonpayment of the mortgage on the 67 Forgery will result in the foreclosure of the 67 Property, when such action is not lawful in the face of the law that a mortgage arising from a forgery is invalid.

92.    **Fifth violation:** Defendant violated 15 USCA § 1692e[2][A] in the false representation or implication of the legal status of the mortgages on the 67 Forgery and that they are enforceable despite the law that a mortgage arising from a forgery is invalid. Given that Plaintiff having duly commenced a federal action to declare the 67 Forgery are void ab initio together with its mortgage, Defendant having actual notice of the federal action, Defendant is attempting to collect a debt that is neither due nor determined as due in spite of Plaintiff's dispute of the alleged debt.

93.    **Sixth violation:** Defendant violated 15 USC 1692e[12] in falsely representing that PS Funding was assigned the promissory note on the 67 Forgery as an innocent purchaser for value. The false implication that the mortgage on the 67 Forgery arises from Spitzer and the Sham LLC as the true "owner" of the 67 Property, was an act to falsely represent that Spitzer and the Sham LLC are somehow the true owner of the 67 Property as innocent purchasers for value, in order to create a false color of a legitimate debt collection against Plaintiff, when in fact the Defendant knew or should have known that Plaintiff is a victim that was unduly subjected to a conversion of title. The knowledge is imputed that Defendant was fully aware of the fact that prior to encumbering the 67 Property, the 67 LLC did not convey title of the 67 Property to either Spitzer or the Sham LLC, and PS Funding was not an innocent purchaser for value on the mortgage. Given

Case 1:23-cv-07241-OEM-TAM   Document 1-1   Filed 09/28/23   Page 18 of 22 PageID #: 22

that the 67 Forgery was not recorded with the City Register prior to encumbering the 67 Property Defendant had not basis to falsely state that either Spitzer or the Sham LLC is the true "owner" of the 67 Property.

94.     **Seventh Violation:** Defendant violated 15 USCA § 1692e[5] by threatening to take the action of subjecting Plaintiff to the 67 Foreclosure, which cannot legally be taken.  Defendant cannot legally take any action against Plaintiff, despite Plaintiff having registered title from the Sham LLC to himself, because title arising from a forgery is void ab initio, and consequently the 67 LLC never lost its title to the 67 Property in face of the forgery. As such, Plaintiff registering title from the Sham LLC to himself is a nullity as the 67 LLC never lost its title to the 67 Property in face of the forgery.  As such, by Defendant subjecting Plaintiff to the threat that the 67 Foreclosure will extinguish title from the 67 LLC, Defendant threatened Plaintiff with an act which cannot legally be taken.

95.     As a direct of the foregoing acts committed by Defendant, Plaintiff suffered damages.

96.     Plaintiff has no other adequate remedy at law available to redress and remedy this controversy for relief.

## Conclusion

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and award damages as statutory damages for Plaintiff, costs with attorney's fees and just other and further relief, including punitive damages, as may be just and reasonable under the circumstances.

Dated:  Brooklyn, NY
          August 31, 2023

FILED: NEW YORK COUNTY CLERK 08/31/2023 06:02 PM
NYSCEF DOC. NO. 2

INDEX NO. 158686/2023
RECEIVED NYSCEF: 08/31/2023

Levi Huebner & Associates, PC

/s/   Levi Huebner
Levi Huebner, Esq.

488 Empire Blvd Suite 100
Brooklyn, NY 11225
Tel: (212) 354-5555

*Attorneys for Plaintiff*
*Shlomo Braun*

Case 1:23-cv-07241-OEM-TAM   Document 1-1   Filed 09/28/23   Page 20 of 22 PageID #: 24

## VERIFICATION

The undersigned, an attorney duly admitted to practice law in New York State affirms under the penalty of perjury as follows:

1.    I am the attorney for the Plaintiff herein and have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe it to be true.

2.    The reason this verification is made by me and not by the Plaintiff is that the Plaintiff is currently in another country.

3.    The grounds of my belief as to all matters not stated upon my own knowledge are information furnished by Plaintiff.

/ s / Levi Huebner

_____

Levi Huebner

Affirmed:    Brooklyn, New York
             August 31, 2023

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-----------------------------------------------------------------x
SHLOMO BRAUN,

Plaintiff/Petitioner,

      - against -                         Index No.   158686/2023
THE CHARTWELL LAW OFFICES, LLP,

Defendant/Respondent.

-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:  September 1, 2023 _____

Levi Huebner
                Name
Levi Huebner & Associates, PC

          Firm Name

488 Empire Boulevard, Suite 100
                Address

Brooklyn, NY 11225

(212) 354-5555
                Phone

Newyorklawyer@msn.com
                E-Mail

To:     The Chartwell Law Offices, LLP

        One Battery Park Plaza, Suite 710

        New York, NY 10004-1445